1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
3  San Francisco, California 94111-3823
   Telephone:    (415) 984-8700
4  Facsimile:    (415) 984-8701

5  *Attorney for Defendants Apple Inc. and Apple Distribution International Ltd.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MAHON,<br><br>             Plaintiff,<br><br>    v.<br><br>APPLE INC., et al.,<br><br>             Defendants. | Case No. 4:20-cv-01534-JSW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date: June 12, 2020<br>Time:         9:00 a.m.<br>Judge:        Hon. Jeffrey S. White<br>Courtroom:    5<br><br>First Amended Complaint Filed:  Mar. 25, 2020 |

# **TABLE OF CONTENTS**

**Page(s)**

NOTICE OF MOTION ................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I.     INTRODUCTION ............................................................................................................. 1

II.    BACKGROUND ............................................................................................................... 1

III.   ARGUMENT .................................................................................................................... 3

        A.    Mahon Fails to State a Claim for Infringement of Moral Rights ............................ 3

        B.    Mahon Fails to Establish Personal Jurisdiction over ADI ...................................... 4

IV.   CONCLUSION .................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................................. 3

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
　874 F.3d 1064 (9th Cir. 2017) ............................................................................................. 5, 6

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................................. 3

*Brockmeyer v. May*,
　383 F.3d 798 (9th Cir. 2004) ................................................................................................... 7

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014) ................................................................................................................. 5

*Fahmy v. Jay-Z*,
　908 F.3d 383 (9th Cir. 2018) ................................................................................................... 3

*Garcia v. Google, Inc.*,
　786 F.3d 733 (9th Cir. 2015) ................................................................................................... 4

*Reddy v. Litton Indus., Inc.*,
　912 F.2d 291 (9th Cir. 1990) ................................................................................................... 4

*Schwarzenegger v. Fred Martin Motor Co.*,
　374 F.3d 797 (9th Cir. 2004) ................................................................................................... 4

*United States v. Corinthian Colleges*,
　655 F.3d 984 (9th Cir. 2011) ................................................................................................... 5

*Walden v. Fiore*,
　571 U.S. 277 (2014) ................................................................................................................. 4

*Zeiger v. WellPet LLC*,
　304 F. Supp. 3d 837 (N.D. Cal. 2018) ..................................................................................... 5

**STATUTES**

17 U.S.C. § 101 ............................................................................................................................ 3, 4

17 U.S.C. § 106A ............................................................................................................................. 3

17 U.S.C. § 507(b) ........................................................................................................................... 2

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**RULES**

Fed. R. Civ. P. 12(b)(2) ................................................................................................. 4

Fed. R. Civ. P. 12(b)(5) ................................................................................................. 7

Fed. R. Civ. P. 12(f) ...................................................................................................... 2

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 12, 2020 at 9:00 a.m., or at such other time as the Court shall order, in Courtroom 5 of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, the Honorable Jeffrey S. White, United States District Judge, presiding, Defendants Apple Inc. ("Apple") and Apple Distribution International Ltd. ("ADI") (collectively, "Defendants") will and hereby do move (1) under Federal Rule of Civil Procedure 12(b)(6) for an order dismissing from the First Amended Complaint ("FAC") of Plaintiff Mark Mahon ("Mahon" or "Plaintiff") the second claim for relief and (2) under Rule 12(b)(2) for an order dismissing the FAC in its entirety as to ADI.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff's claim that Defendants infringed his moral rights must be dismissed because 17 U.S.C. § 106A simply does not protect the types of works Mahon allegedly created: a screenplay and a motion picture. Further, defendant ADI should be dismissed for lack of personal jurisdiction, because it is an Irish company based in Cork, Ireland and has engaged in no forum-related activity.

**II.   BACKGROUND**

Mahon's claims appear to originate from a dispute regarding the chain of licensing deals that resulted in the license from Entertainment One US LP ("Entertainment One") to Defendants. That dispute is complicated by Mahon's alleged revocation of the first license in that chain, prior litigation against Mainsail LLC ("Mainsail") regarding one of the licensing deals in that chain, and Mahon's alleged correction of the ownership in at least one of the copyrights in question. But none of that complexity impacts this motion.

The 2010 film *Strength and Honour* was previously available in certain countries through, among others, the iTunes Store service.[1] Mahon does not appear to dispute that a third party—

---

[1] Mahon names "iTunes Store" as a defendant in this action. The iTunes Store is not an entity; rather, it is a service. Accordingly, Defendants move to strike "iTunes Store" as a defendant in

Entertainment One—licensed that film to Defendants. *See* FAC (Dkt. No. 15) ¶ 40 ("Plaintiff wrote back to Erin of Apple Inc. and thanked her for confirming that Entertainment One US LP gave it to Defendants"). Shortly after Mahon issued a cease and desist demand, the film was removed from the iTunes Store service. *Id.* ¶ 39, Ex. 41.[2]

Mahon allegedly owns two copyrights related to the film. FAC ¶¶ 15, 17. In 2006, Mahon alleges he assigned "his rights" to Maron Pictures Ltd. ("Maron Pictures"). *See id*. ¶ 18. The film, however, was not released until 2010 and the copyright in the film was not registered until 2009. *See id.* ¶ 21, Ex. 2. In 2009, Maron Pictures—which was then the registered owner of the copyright in the film—allegedly assigned certain rights in the film to Mainsail. *Id.* ¶ 20. Mainsail, in turn, allegedly granted certain rights in the film to Entertainment One; Entertainment One has asserted that these rights included all means of downloading and streaming for a 15 year term beginning in early 2010. *Id*. ¶ 41 & Ex. 43. In October 2015, Mahon allegedly revoked his assignment of rights to Maron Pictures. *See id.* ¶ 29. In December 2016, judgment was entered against Maron Pictures and in favor of, among others, Mainsail in California Superior Court litigation relating to the film. *See id.* ¶ 30, Ex. 30. In April 2017, Mahon filed a supplementary copyright registration that purported to correct the ownership of the copyright in the film from Maron Pictures to Mahon. *See id.* Ex. 2.

The alleged infringing actions by Defendants all occurred in the Republic of Ireland. Specifically, Mahon alleges that in September 2016, an individual named D. Barrie Graham in Leamiara, Ireland allegedly purchased a copy of the film from the iTunes Store service. FAC Ex. 31. In December 2016, a solicitor named Deborah Moore in Cork, Ireland stated that she allegedly observed the film available to buy from "Apple Itunes." *Id*. Ex. 29.[3] In January 2019, an individual named John O'Driscoll in Cork, Ireland allegedly purchased a copy of the film from

---

this action. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

[2] In any event, there were no sales in the United States through the iTunes Store service, and Mahon does not allege otherwise.

[3] These acts in 2016, of course, fall outside the three-year statute of limitations for copyright infringement. 17 U.S.C. § 507(b).

the iTunes Store service. *Id*. Exs. 32, 36.

In December 2019, Mahon contacted Apple, claimed it did not have the rights to the film, and requested over $8 million in payment. *Id*. Exs. 36, 38-40. Apple notified Mahon on January 2, 2020 that the film had been removed from the iTunes Store service and that he should address any other concerns directly with Entertainment One. *Id*. Ex. 41. Entertainment One subsequently informed Mahon that it had authorized Apple to sell the film through the iTunes Store service. *Id*. Ex. 43. On March 2, 2020, Mahon filed five separate actions in this District against Mainsail, Entertainment One, Apple, and other entities who allegedly made the film available.[4]

### III. ARGUMENT

#### A. Mahon Fails to State a Claim for Infringement of Moral Rights

Mahon's claim for infringement of moral rights should be dismissed with prejudice because, at a minimum, the film is not a work of "visual art" subject to protection under 17 U.S.C. § 106A. To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must state a cognizable legal theory and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A court should ignore allegations that "are no more than conclusions," because such allegations "are not entitled to the assumption of truth." *Id*.

Here, Mahon's second claim for relief asserts infringement of moral rights under the Visual Arts Rights Act, 17 U.S.C. § 106A ("VARA"). While VARA "recognizes some moral rights," it does so "only for certain works of visual art." *Fahmy v. Jay-Z*, 908 F.3d 383, 390 (9th Cir. 2018) (internal quotation marks and alterations omitted). Specifically, the work must meet the definition of "visual art" under § 101 and must be subject to copyright protection. *See* 17 U.S.C. § 106A. A work of "visual art" can be "a painting, drawing, print, or sculpture" or "a still photographic image produced for exhibition purposes only." 17 U.S.C. § 101. Notably, "[m]otion

---

[4] The defendants in those five actions have moved to relate the cases. Mahon has opposed that motion.

pictures specifically are excluded from moral rights protection." *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015).

Mahon's VARA claim is premised on the exploitation of *Strength and Honour* using unauthorized promotional materials: Defendants "produced, reproduced, distributed, sold for profit and publicly displayed Plaintiff's copyright protected work *with unauthorized derivatives that stemmed from the State of California in violation of Plaintiff's moral rights.*" FAC ¶ 52 (emphasis added); s*ee also id.* ¶¶ 19 (describing the allegedly authorized promotional material), 21 (describing the allegedly unauthorized promotional material). But the film, like all motion pictures, is not a work of visual art protected by VARA. Accordingly, Mahon conclusively fails to state a claim under 17 U.S.C. § 106A and the second claim for relief should be dismissed.[5]

Moreover, the Court should dismiss the claim with prejudice. Mahon cannot re-plead a viable VARA claim because it is indisputable that the film is not protected under 17 U.S.C. § 106A. Because Mahon cannot cure the FAC with an additional amendment, his second claim for relief should be dismissed without leave to amend. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile").

### B. Mahon Fails to Establish Personal Jurisdiction over ADI

ADI should be dismissed for lack of personal jurisdiction because the FAC pleads no facts showing acts by ADI within the forum. Fed. R. Civ. P. 12(b)(2). Due process limits a court's reach of personal jurisdiction "principally [to] protect the liberty of the nonresident defendant— not the convenience of plaintiffs or third parties." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Mahon bears the burden to prove by a preponderance of the evidence that the Court has the authority to assert personal jurisdiction over any defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). And Mahon "must make a prima facie showing of

---

[5] Mahon does not appear to assert moral rights in the "unauthorized" promotional material. But if he is making that claim, it fails: a work of visual art protected by VARA does not include "any merchandising item or advertising, promotional, descriptive, covering, or packaging material or container." 17 U.S.C. § 101.

jurisdictional facts giving rise to specific jurisdiction over *each defendant separately*." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848 (N.D. Cal. 2018) (emphasis added).

Due process provides two bases for personal jurisdiction: general and specific. General jurisdiction exists when a defendant's affiliations with the forum state "are so continuous and systematic" as to "justify suit against it on the causes of action arising from dealings entirely distinct from those" affiliations. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Specific jurisdiction requires that the foreign defendant have "minimum contacts" with the relevant forum such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Specific jurisdiction exists only if (1) the defendant (a) purposefully directs its activities or consummates some transaction with the forum or a forum resident or (b) performs some act by which it purposefully avails itself of the privilege of conducting activities in the forum; (2) each claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Id*.

Mahon fails to meet his burden to show that the Court may assert jurisdiction over ADI under any applicable test. To the extent Mahon attempts to plead jurisdiction, he does so only in a conclusory, fact-free, and collective manner: "Defendants are doing business in the State of California and in this judicial district, and acts of infringement complained of herein occurred in the State of California." FAC ¶ 4. His limited factual pleading with respect to ADI concerns presence and acts solely in Ireland:

- ADI "is headquartered in Cork, Ireland" (FAC ¶ 9);
- ADI "is Apple Inc.'s international iTunes business operated by Apple Inc." (Complaint[6] (Dkt. No. 1) ¶ 9); and
- Exhibits 32 and 36 include a purported receipt dated January 7, 2019 for a

---

[6] Mahon cannot negate this concession by means of amending his complaint. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint") (internal quotation marks omitted).

purchase of the film from the iTunes Store by an individual in Cork, Ireland for €7.99. That receipt is not in dollars; the Euro, of course, is the currency of the Republic of Ireland. The receipt indicates that ADI is the source and that ADI's address is Hollyhill Industrial Estate, Hollyhill, Cork, Ireland (FAC Ex. 32 at 1-2, Ex 36 at 7-8).

The remaining facts pled regarding infringement, although not distinguishing between Apple and ADI, are also consistent with acts occurring outside the forum:

- Exhibit 29 is a letter from a solicitor based in Cork, Ireland, claiming to "have seen the movie Strength and Honour available to rent and buy online" for €7.99; and
- Exhibit 31 is a purported receipt dated September 13, 2016 for a purchase of the film from the iTunes Store by an individual in Leamiara, Ireland for €7.99.

With respect to general jurisdiction, Mahon does not, and cannot, assert that ADI has systematic and continuous contacts in California. Thus, general jurisdiction over ADI is not proper.

With respect to specific jurisdiction, Mahon's allegations are insufficient. First, he fails to allege any facts showing that ADI purposely directed any relevant activity to California, transacted with any California resident regarding the film, or purposely availed itself of conducting activities in California. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Second, Mahon fails to plead facts showing that any claim arose out of any conduct by ADI in California. *Id.* Third, he fails to plead facts showing that the exercise of jurisdiction over ADI would be reasonable. *Id.*

Accordingly, the Court should dismiss the FAC in its entirety against ADI for lack of personal jurisdiction. Further, and as discussed above, the complaint and the FAC include multiple allegations that are consistent with ADI's extraterritorial existence and operations. As such, any amendment to allege purported acts by ADI in this forum would be inconsistent with the allegations of the complaint and the FAC and should not be permitted. Therefore, the

NOTICE OF MOTION AND
MOTION TO DISMISS
NO. 4:20-CV-01534-JSW

1 dismissal of the FAC as to ADI should be with prejudice.[7]

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an order dismissing the second claim for relief and dismissing the FAC in its entirety as to ADI.

Dated: April 20, 2020                O'MELVENY & MYERS LLP

By:  /s/ David R. Eberhart
         David R. Eberhart

*Attorney for Defendants*
*Apple Inc. and Apple Distribution*
*International Ltd.*

---

[7] Dismissal is also warranted because Mahon did not properly serve ADI. Fed. R. Civ. P. 12(b)(5). Neither the mail-based nor UPS-based "service" attempted by Mahon are permitted by the rules. Mahon bears the burden of establishing that service is valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).