DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

Attorney for Defendant
Apple Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MARK MAHON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.; APPLE DISTRIBUTION INTERNATIONAL LTD.,<br><br>    Defendants. | Case No. 4:20-cv-01534-YGR<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Hearing Date:  May 16, 2023<br>Hearing Time:  2:00 p.m.<br>Judge:  Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................................ 1

    A.    Allegations Relevant to Discovery Disputes........................................... 1

    B.    Relevant Procedural History ................................................................... 2

    C.    Apple's Discovery Requests and Plaintiffs' Responses........................... 3

    D.    Apple's and Google's Motion to Compel ................................................ 3

III.  LEGAL STANDARD ........................................................................................... 5

IV.   ARGUMENT ........................................................................................................ 6

    A.    The Court Should Deny Plaintiff's Motion for Sanctions Based on Its
        Procedural Deficiencies .......................................................................... 6

    B.    Apple's Motion to Compel Seeks Highly Relevant, Discoverable
        Documents ............................................................................................... 8

    C.    Apple Timely Raised Its Discovery Disputes ........................................ 11

    D.    Apple's Motion to Compel Accurately Represents Facts ...................... 13

        1.    Mr. Mahon Has Never Committed to Produce All Responsive
            Documents of Maron Pictures.................................................... 13

        2.    Mr. Mahon Did Not Agree to Produce the PFDA or SPA in the
            Meet and Confer......................................................................... 13

        3.    Mr. Mahon Committed to Produce Responsive Communications
            with the Copyright Office ........................................................... 14

    E.    Plaintiff's Remaining Legal Authorities Do Not Support Sanctions .................... 16

V.    CONCLUSION ................................................................................................... 16

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

# TABLE OF AUTHORITIES

**Page**

<u>**CASES**</u>

*Allen v. Woodford,*
    2007 WL 309945 (E.D. Cal. Jan. 30, 2007)...................................................................... 9

*Barber v. Miller,*
    146 F.3d 707 (9th Cir. 1998)............................................................................................... 7

*Byrnes v. Jetnet Corp.,*
    111 F.R.D. 68 (M.D.N.C. 1986) ...................................................................................... 12

*Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.,*
    99 Cal. App. 4th 1094 (2002) ............................................................................................ 9

*Crump Ins. Servs. v. McGrath,*
    2008 WL 11388598 (N.D. Cal. Aug. 10, 2008)............................................................... 11

*Glad-A-Way, Inc. v. Lynn Mayer's Great Lakes,*
    1994 WL 69467 (N.D. Cal. Feb. 23, 1994) ....................................................................... 8

*Golden Eagle Distrib. Corp. v. Burroughs Corp.,*
    801 F.2d 1531 (9th Cir. 1986)......................................................................................... 16

*In re Google Adwords Litig.,*
    2010 U.S. Dist. LEXIS 146392 (N.D. Cal. Nov. 12, 2010)............................................. 11

*Inland Concrete Enters. v. Kraft Ams. LP,*
    2011 U.S. Dist. LEXIS 162794 (C.D. Cal. Feb. 3, 2011) .................................................. 9

*Kendrick v. Heckler,*
    778 F.2d 253 (5th Cir. 1985)........................................................................................... 12

*Kilroy v. L.A. Unified Sch. Dist. Bd. of Educ.,*
    2018 WL 6071079 (C.D. Cal. May 29, 2018) .................................................................... 7

*KST Data, Inc. v. DXC Tech. Co.,*
    344 F. Supp. 3d 1132 (C.D. Cal. 2018) ........................................................................... 12

*Martens v. Thomsen,*
    273 F.3d 159 (2d Cir. 2001)............................................................................................... 5

*Nat'l Ass'n of Radiation Survivors v. Turnage,*
    115 F.R.D. 543 (N.D. Cal. 1987)................................................................................. 5, 16

*Operating Eng'rs Pension Tr. v. A–C Co.,*
    859 F.2d 1336 (9th Cir. 1988).......................................................................................... 5

*Relman Colfax PLLC v. Fair Hous. Council,*
    2020 WL 8837143 (C.D. Cal. Nov. 24, 2020)................................................................... 7

ii

**TABLE OF AUTHORITIES**
(continued)

Page

*Truesdell v. S. Cal. Permanente Med. Grp.*,
  293 F.3d 1146 (9th Cir. 2002)................................................................... 7

*uSens, Inc. v. Chi*,
  2019 U.S. Dist. LEXIS 244175 (N.D. Cal. Apr. 24, 2019) ..................... 9

*Zaldivar v. City of Los Angeles*,
  780 F.2d 823 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) ................................................. 5, 15

*Zeleny v. Newsom*,
  2020 WL 6585793 (N.D. Cal. Nov. 10, 2020)........................................ 11

**OTHER AUTHORITIES**

8B Wright & Miller, Fed. Prac. & Proc. Civ. (3d ed.)............................... 11

**RULES**

Fed. R. Civ. P. 11 ..................................................................................... 5

Fed. R. Civ. P. 11(b) ............................................................................... 12

Fed. R. Civ. P. 11(c) ................................................................................. 5

Fed. R. Civ. P. 11(c)(2) ............................................................................ 6

Fed. R. Civ. P. 26 ..................................................................................... 5

Fed. R. Civ. P. 26(g) ............................................................................ 5, 12

Fed. R. Civ. P. 26(g)(1)(B) .................................................................... 5, 6

N.D. Cal. Civ. L.R. 37-3 ......................................................................... 10

1    **I.      INTRODUCTION**

2            Plaintiff's motion for sanctions should be denied, because it is procedurally deficient and

3    identifies no sanctionable conduct by Apple. Apple requested from Mr. Mahon certain documents

4    that are relevant to its defenses and, after attempting to informally resolve the parties' disputes,

5    timely moved to compel production. Plaintiff fails to show Apple interposed the disputed requests

6    for production solely to prejudice or burden Plaintiff—rather, those requests seek documents

7    directly relevant to issues at the heart of this case. He also identifies no factual misstatements in

8    Apple's motion to compel. Finally, Plaintiff identifies no undue burden he would face in

9    producing these documents. The only burdens he identifies are inherent in the litigation he

10   initiated.

11           Instead of identifying anything approaching legally sanctionable conduct, Mr. Mahon's

12   motion duplicates large portions of his opposition to Apple's pending motion to compel (Dkt. 99).

13   As was more fully briefed in Dkt. 99, the documents that are the subject of that motion are (1)

14   relevant and (2) in Mr. Mahon's possession, custody, or control; therefore Mr. Mahon must

15   produce them. But the merits of that motion should be litigated where this Court referred all

16   discovery issues: before Magistrate Judge Beeler. The motion for sanctions should be denied.

17   **II.     FACTUAL BACKGROUND**

18           **A.      Allegations Relevant to Discovery Disputes**

19           Mr. Mahon claims that Defendants infringed his copyrights in the film *Strength and*

20   *Honour* (the "Film"). Third Am. Compl. ("TAC"), Dkt. No. 62. The Film was previously

21   available in certain countries at certain times through the iTunes Store. In 2009, Mr. Mahon's

22   wholly owned company, Maron Pictures, assigned distribution rights to Mainsail LLC

23   ("Mainsail"). TAC ¶ 22. A third party, Entertainment One, contracted with Mainsail and

24   subsequently licensed the Film to Apple. *See id.* ¶¶ 41-43.

25           A core factual dispute in this case is whether and when Mr. Mahon became the owner of

26   copyrights in the Film. Mr. Mahon asserts that he owns two copyright registrations related to the

27   Film and that Apple has infringed those copyrights. TAC ¶ 19. Mr. Mahon alleges that in 2006,

28   he assigned "his rights" to Maron Pictures Ltd. ("Maron Pictures") with a right of revocation. *See*

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

*id.* ¶ 20. The assignment agreements Mr. Mahon provided as exhibits to his First Amended Complaint ("FAC") state that the consideration for the rights he assigned was payable in accordance with the terms of the related Production, Finance and Distribution Agreement ("PFDA") and Share Purchase Agreement ("SPA"). FAC (Dkt. No. 15), Exs. 7-8. The copyright in the Film was not registered until 2009, and the Film was not released until 2010. *See id.* Ex. 2.

In October 2015, Mr. Mahon allegedly revoked his assignment of rights to Maron Pictures on the ground that he was not paid by Maron Pictures. TAC ¶ 31. In December 2016, judgment was entered against Maron Pictures and in favor of, among others, Mainsail in California Superior Court litigation relating to the Film. *Id.* ¶¶ 32, 34. In April 2017, Mr. Mahon filed a supplementary copyright registration that purported to correct the ownership of the copyright in the Film from Maron Pictures to Mr. Mahon. *See* FAC, Ex. 2.

### B. Relevant Procedural History

On August 25, 2021, Apple served its First Set of Interrogatories and its First Set of Requests for Production of Documents (the "First RFPs") on Plaintiff. Plaintiff served objections and responses to those requests on October 1, 2021. Each response stated, in substantially the same form, that "upon entry of an appropriate protective order Plaintiff will produce . . ." certain specified documents. *See, e.g.*, Eberhart Decl.[1], Ex. A at 9. Mr. Mahon made an initial production of documents on October 1, 2021.

Between December 3 and December 6, 2021, the parties sought a formal stay of discovery due to the continuing mediation and anticipated efficiencies by discovery coordination in these matters. *See* Dkt. No. 80 at 3. From February 7, 2022 until September 15, 2022, the Court stayed discovery pending resolution of motions to dismiss in related case No. 4:21-cv-08562. Dkt. Nos. 84, 92. The Court subsequently entered a scheduling order setting April 28, 2023 as the close of fact discovery and entered a protective order on October 7, 2022. *See* Dkt. Nos. 95, 96.

On December 14, 2022, Apple requested that Mr. Mahon complete his document production, because it appeared from his written responses that he had not produced certain

---

[1] "Eberhart Decl." refers to the Declaration of David Eberhart in Support of Apple Inc.'s Opposition to Plaintiff's Motion for Sanctions (Dkt. 100), concurrently filed herewith.

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

documents due to the then lack of protective order. Eberhart Decl. Ex. B at 1. On December 19, 2022, Plaintiff served amended responses to Apple's First RFPs; those responses were dated December 18, 2022 and removed each of the objections to production in advance of the entry of a protective order. *Id.* Ex. C at 9. On December 28, 2022, Plaintiff made a production of documents identical to his October 1, 2021 production, but produced no privilege log at that time. *Id.* ¶ 5.

### C.   Apple's Discovery Requests and Plaintiffs' Responses

Apple's First RFPs sought documents that relate to the copyright assignment agreements between Mr. Mahon and his company, Maron Pictures, and the alleged revocation thereof. Specifically, Apple's First RFPs that are the subject of Defendants' Motion to Compel seek documents related to:

1. Mr. Mahon's agreements assigning the copyrights to Maron Pictures (RFP No. 1, Eberhart Decl. Ex. C at 8);

2. Maron Pictures' Sales Agency Agreement with Mainsail (RFP No. 2, *id.* Ex. C at 10);

3. Mr. Mahon's assertion that he revoked all rights assigned to Maron Pictures (RFP No. 3, *id.* Ex. C at 11-12); and

4. Copyright registrations for any aspect of *Strength and Honour* (RFP Nos. 4-6, *id.* Ex. C at 13-16).

Mr. Mahon objected to Apple's requests on the basis that, *inter alia*, the requests sought "documents and communications concerning a non-party, Maron Pictures, and as such, is outside the proper scope of discovery in this case." *See, e.g.*, *id.* Ex. C at 8, 9, 10, 11. Mr. Mahon also objected on the basis of attorney-client privilege and work product doctrine without producing a privilege log. *Id.* at 9, 10, 12, 13, 14, 15.

### D.   Apple's and Google's Motion to Compel

On March 8, 2023, Apple sent a letter to Plaintiff identifying deficiencies in Plaintiff's amended responses to Apple's First RFPs (Nos. 1-23) and Interrogatories (Nos. 1-6). Eberhart Decl. Exs. D, E at 3. On March 20, 2023, Plaintiff replied to Apple's letter and produced a privilege log and seven documents. *Id.* ¶ 7, Ex. E at 2. On March 22, 2023, Plaintiff, Apple, and Google met and conferred regarding the discovery disputes by videoconference. Eberhart Decl. ¶

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

8. The parties did not meet and confer in person, because Mr. Mahon resides in Ireland and has represented that he is currently unable to enter the United States. *Id.*

Thereafter, the parties continued to correspond by email in an effort to narrow their disputes. *Id.* ¶9, Ex. I at 4-21. On March 24, Apple's counsel provided a draft letter brief due March 27 and requested that Mr. Mahon insert his positions pursuant to Magistrate Judge Beeler's then-Standing Order[2] requiring that joint letters be filed within five days of the parties' meet and confer. *Id.* Ex. I at 20-21. On March 26 and 27, 2023, Plaintiff wrote that he would search for and produce—where they were in his possession or the possession of his personal attorneys and accountants—certain categories of documents discussed on the parties' March 22 meet and confer: (1) documents and communications related to the original agreements by which he assigned his copyrights to Maron Pictures (the "Agreement to Acquire Literary Rights" and the "Agreement to Acquire Authorship Rights") (collectively, the "Assignment Agreements"), including the revocation of and performance under those agreements, and the related SPA and PFDA (*id.* Ex. I at 12-13 (Email from M. Mahon to D. Eberhart, March 26, 3:51 AM); (2) communications with Mainsail related to the Maron Pictures-Mainsail Sales Agency Agreement (*id.* Ex. I at 5-6 (Email from M. Mahon to D. Eberhart, March 27, 6:39 PM); (3) communications with the Copyright Office related to copyright registrations in the Film (*id.*); and (4) a letter partially withheld as privileged (*id.*) (collectively, the "Supplemental Documents"). Defendants accordingly removed these issues from the draft letter brief. *Id.* Ex. H (redline of draft letter brief); Ex. I at 3-5 (Email from G. Apgar, Counsel for Google, to M. Mahon, March 27, 10:34 PM).

The parties were unable to resolve three issues: (1) whether Plaintiff must produce documents legally owned by Maron Pictures, Mr. Mahon's wholly owned company, or in the possession of Maron Pictures' accountants or attorneys; (2) whether Plaintiff must produce documents and communications relating to the Sales Agency Agreement between Maron Pictures and Mainsail; and (3) whether Mr. Mahon improperly withheld an email based on privilege. *See generally* Dkt. 99. On March 27, 2023, the parties filed their joint letter brief addressing these

---

[2] That Standing Order was revised on April 3, 2023.

areas of dispute in lieu of a noticed motion to compel, per Magistrate Judge Beeler's standing order. Dkt. No. 99 (hereinafter, "Dkt. 99").

On March 31, 2023, Plaintiff stated that his March 26 and March 27 commitments to produce the Supplemental Documents were conditional on Defendants not filing Dkt. 99. *See* Eberhart Decl. ¶19, Ex. J at 6-10 (Email from M. Mahon to D. Eberhart, March 31, 5:02 PM). On April 3, 2023, Apple informed Mr. Mahon that, in light of his withdrawal of his production commitments, Apple would commence preparation of another letter brief. *Id*. at 6-7. That same day, Plaintiff served and filed this motion for sanctions. *See* Motion for Sanctions ("Mot."), Dkt. No. 100 at 3-4[3]; Eberhart Decl. ¶ 20.

## III.     LEGAL STANDARD

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11(c) authorizes sanctions against a party only for presenting a paper that is "frivolous, legally unreasonable, or without factual foundation" or brought for an improper purpose*. Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). It is an abuse of discretion to order sanctions absent compliance with the procedural requirements of Rule 11. *Martens v. Thomsen*, 273 F.3d 159, 177 (2d Cir. 2001).

Rule 26(g) contains sanctions provisions that are parallel to Rule 11, but Rule 26(g) applies exclusively to discovery requests and responses. *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 555 (N.D. Cal. 1987). The courts' interpretations of Rule 11 nevertheless guides the application of Rule 26(g). Under both Rules 11 and 26, a district court applies an objective standard to determine whether conduct violates the rule. *Zaldivar*, 780 F.2d at 829; *Turnage*, 115 F.R.D. at 555.

---

[3] Page number citations to the Motion for Sanctions refer to the ECF page number.

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

1    IV.    **ARGUMENT**

2          A.    **The Court Should Deny Plaintiff's Motion for Sanctions Based on Its**
              **Procedural Deficiencies**

3
                The Court should deny Plaintiff's motion based on its procedural deficiencies alone. That

4    motion has at least three fatal procedural faults. First, it violates this Court's and the presiding

5    Magistrate Judge's orders and procedures for resolving discovery disputes. Second, it is

6    premature under both Rules 11 and 26(g)(1)(B), because the subject discovery disputes remain

7    pending before Magistrate Judge Beeler. Third, it fails to comply with the procedural

8    requirements of Rule 11.

9          As an initial matter, Plaintiff's motion contravenes this Court's orders and applicable rules

10   for litigating discovery disputes in at least two ways. First, on October 6, 2022, this Court referred

11   all discovery disputes in the related cases to Magistrate Judge Beeler and required that "[a]ll

12   further discovery matters shall be filed pursuant to Judge Beeler's procedures." Dkt. No. 94.

13   Magistrate Judge Beeler's Standing Order, in turn, requires that the parties raise all discovery

14   disputes in a joint, five-page letter brief. *See* Dkt. No. 97-1 at 3. When Plaintiff filed his sanctions

15   motion, the parties had already submitted the requisite letter brief outlining their various

16   discovery disputes. Dkt. 99. That dispute remains pending before Magistrate Judge Beeler. In

17   large part, Plaintiff's "sanctions" motion reargues those issues using many more pages than her

18   procedures allow. *See* Mot. at 5-8.

19         Second, this sanctions motion should have been heard by Magistrate Judge Beeler and

20   filed in accordance with her procedures. Mr. Mahon requests that Apple be sanctioned for serving

21   and seeking to compel responses to the First RFPs. As the Commentary to this District's Local

22   Rule 37-3 explains, his motion is therefore a "discovery-related motion." See Commentary, L.R.

23   37-3 ("'Discovery-related motions' encompasses all motions relating to discovery, including . . .

24   motions for discovery sanctions."). Mr. Mahon's decision to seek discovery sanctions in a noticed

25   motion addressed to Your Honor contravenes this Court's referral order directing that "[a]ll

26   further discovery matters shall be filed pursuant to Judge Beeler's procedures." Dkt. No. 94.

27         Relatedly, Plaintiff's motion is premature under both Rule 11 and Rule 26(g)(1)(B),

28

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

1   because Magistrate Judge Beeler has not yet ruled on Dkt. 99. In effect, by seeking sanctions

2   based on Apple's filing Dkt. 99, Plaintiff asks this Court to supplant Magistrate Judge Beeler's

3   role and rule that Dkt. 99 is so meritless as to warrant sanctions. *See* Mot. at 5-8; *cf.* Dkt. 99 at 3-5

4   (Plaintiff's positions in Dkt. 99 making substantially the same arguments). It would not be

5   "efficient, prudent, or proper" for the Court to consider a sanctions motion regarding Apple's

6   discovery requests before the magistrate judge has ruled on the proper scope of discovery. *Cf.*

7   *Relman Colfax PLLC v. Fair Hous. Council*, 2020 WL 8837143, at *17 (C.D. Cal. Nov. 24,

8   2020) (where magistrate judge had yet to rule on sanctions request, district court judge declined

9   to consider sanctions request).

10       Finally, Plaintiff's request for Rule 11 sanctions must be denied, because it fails to satisfy

11   Rule 11's procedural requirements. A Rule 11 motion for sanctions "must not be filed or be

12   presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn

13   or appropriately corrected within 21 days after service or within another time the court sets." Fed.

14   R. Civ. P. 11(c)(2). Accordingly, Rule 11 requires the moving party to serve the motion and then

15   wait twenty-one days before filing the motion with the court. *Truesdell v. S. Cal. Permanente*

16   *Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002).

17       Plaintiff failed to serve this motion on Apple before filing, let alone 21 days prior.

18   Eberhart Decl. ¶ 20. This failure is fatal to his motion for sanctions under Rule 11. *See Barber v.*

19   *Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998) (explaining that safe-harbor period is mandatory;

20   vacating a motion for sanctions that did not comply with this requirement); *Kilroy v. L.A. Unified*

21   *Sch. Dist. Bd. of Educ.*, 2018 WL 6071079, at *7 (C.D. Cal. May 29, 2018) (denying motion for

22   Rule 11 sanctions for failure to provide evidence that the plaintiff served motion on opposing

23   party 21 days before filing). Accordingly, to the extent premised on Apple's filing of Dkt. 99, this

24   motion must be denied. *See id.*

25       For the foregoing reasons, the Court should also decline to exercise its discretion to

26   impose sanctions under its inherent authority. Plaintiff's motion violates the Federal Rules of

27   Civil Procedure and the Local Rules of this District, as well as orders and procedures of this

28   Court and Magistrate Judge Beeler. It is also at odds with principles of judicial efficiency,

1    because it asks this Court to decide issues pending before Magistrate Judge Beeler. The Court

2    should therefore decline to entertain this motion, particularly given Mr. Mahon's history of

3    submitting unauthorized briefing in violation of this Court's rules and orders. *See Mahon v.*

4    *Entertainment One US LP, et al.*, No. 4:21-cv-08562, Dkt. 70 at 4-5 (in related case, sanctioning

5    Plaintiff "based on plaintiff's violation of this Court's order on briefing"; noting that "additional

6    sanctions may be imposed if plaintiff does not follow the Court's orders in this and related actions

7    going forward").

8              **B.      Apple's Motion to Compel Seeks Highly Relevant, Discoverable Documents**

9              Dkt. 99 seeks documents that are both critical to Apple's defenses and are readily within

10   Mr. Mahon's power to obtain. Accordingly, Mr. Mahon's contention that Apple raised the dispute

11   "only to burden plaintiff" (Mot. at 5) is nonsense, and the motion is not sanctionable. *See Glad-A-*

12   *Way, Inc. v. Lynn Mayer's Great Lakes*, 1994 WL 69467, at *2 (N.D. Cal. Feb. 23, 1994) (no

13   Rule 11 or Rule 26 sanctions warranted where filings were "well-grounded in fact and law and

14   not interposed for an improper purpose").

15             Defendants' Dkt. 99 seeks three categories of highly relevant documents that are

16   discoverable. Each category is discussed in turn.

17             *Category 1: Documents In The Files Of Mr. Mahon's Companies And Their Agents.*

18   Defendants seek to compel the production of documents Mr. Mahon claims are in the possession

19   of Maron Pictures that relate to the Assignment Agreements and the alleged revocation thereof.

20   Dkt. 99 at 2. Mr. Mahon claims he owns copyrights in the Film because he revoked the

21   assignment of rights to Maron Pictures, his wholly owned company, due to alleged non-payment.

22   The requested documents—including drafts, notes, and emails, and the PFDA and SPA, which

23   provide the terms by which payment must be paid under the Assignment Agreements—are highly

24   relevant to that claim. *See id.* at 2-3.

25             While Mr. Mahon asserts in his Motion that he "provided all documents and

26   communications in his possession, custody, and control" responsive to RFP No. 1 seeking such

27   documents (Mot. at 5), his positions elsewhere make clear that he is withholding documents on

28   the ground that (1) they are "outside the scope of discovery"; (2) they "concern[] a non-party,

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

Maron Pictures"; and (3) he cannot legally represent Maron Pictures in court. *Id*. at 5:14-16, 6:5-6, 9:27-28; *see also* Dkt. 99 at 4. On the first point, documents legally owned by Maron Pictures are discoverable, because they are relevant to whether *Mr. Mahon* owns the copyrights he purports to assert. Second, whether the documents concern or are legally owned by a non-party is not the issue; Mr. Mahon must produce them if (1) he possesses them and (2) they are relevant. *See Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007).

Mr. Mahon's third point is inapposite, because Mr. Mahon need not represent Maron Pictures to produce documents in *his own* possession, custody, or control. Mot. at 7:28-8:1. *Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.*, 99 Cal. App. 4th 1094, 1103 (2002), is not on point. That case addressed whether corporations must be represented by counsel in administrative proceedings; here, Maron Pictures is not a party and need not be represented in any proceeding.

Importantly, Plaintiff does not argue that he lacks physical possession of Maron Pictures' documents or the ability to obtain them from Maron Pictures' attorneys or other agents; nor does he argue that such searches would impose undue burden. Mot. at 5-6. Indeed, Mr. Mahon wholly owns and is a director and officer of Maron Pictures (Eberhart Decl. Ex. F at 2; Dkt. 99 at 2), "the entire concept from creation to . . . finishing [the Film] is all [him]," he "created and also financed all of my operations" (Eberhart Decl. Ex. F at 2), and only he can access Maron Pictures' email account. Dkt. 99 at 2. Accordingly, he has control of Maron Pictures' documents and must produce them. *See Inland Concrete Enters. v. Kraft Ams. LP*, 2011 U.S. Dist. LEXIS 162794, at *8-9 (C.D. Cal. Feb. 3, 2011) ("[A]n individual party to a lawsuit can be compelled to produce relevant information and documents relating to a non-party corporation of which [he] is an officer, director or shareholder."); *uSens, Inc. v. Chi*, 2019 U.S. Dist. LEXIS 244175, at *5 (N.D. Cal. Apr. 24, 2019) (compelling corporate officer to produce documents of corporation). As an officer of Maron Pictures, Mr. Mahon also the legal right to obtain documents from Maron Pictures' accountants and attorneys, and he must demand a search by those parties for responsive documents. *See Inland*, 2011 U.S. Dist. LEXIS 162794, at *8.

And although Mr. Mahon has produced certain documents attached to his motion—

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

declarations and letters prepared for this litigation attesting to facts such as his alleged revocation—Defendants are seeking all documents and communications in his possession, custody, and control. Mr. Mahon also submits a declaration stating that the PFDA and SPA were "disposed of" after they were voided (Dkt. No. 100-2, ¶ 6), but this does not address Mr. Mahon's obligation to search for and produce drafts, notes, and emails regarding those agreements.

*Category 2: Maron Pictures-Mainsail Sales Agency Agreement Documents.* Defendants seek to compel the production of Maron Pictures' distribution agreement with Mainsail and related communications, drafts, and notes. Dkt. 99 at 4. These documents are relevant to (1) Mainsail's rights to distribute the Film and (2) the information Mr. Mahon or Maron Pictures provided to Mainsail about the Assignment Agreements and Mr. Mahon's purported rights to revoke them. *See id.*

Mr. Mahon seeks to resist discovery of these documents on two grounds, both of which lack merit. He objects that such documents concern non-party Maron Pictures, but this objection fails for the reasons discussed *supra*. Mot. at 5-6. He also argues that the Mainsail agreement is outside the scope of discovery because Plaintiff and Maron Pictures do not "recognize" the agreement and it has allegedly been ruled unenforceable (*id*. at 5); but Mr. Mahon's position on the legal effect of the agreement does not justify withholding the agreement or related documents.

*Category 3: Email Regarding Mainsail Litigation Withheld As Privileged.* Lastly, Dkt. 99 seeks to compel production of a single email that Defendants contend is improperly withheld based on privilege, because it involves Mr. Mahon's attorney and an adverse party. Dkt. 99 at 5. Plaintiff's Motion does not address this letter. He previously argued that the email should be withheld because "disclosing it could give an incorrect impression without the context of Plaintiff's other evidence." *Id*. This is not a proper basis for withholding the email, nor has Plaintiff demonstrated any undue burden to produce the subject email.

Mr. Mahon asserts that Defendants' conduct is sanctionable because they declined to provide him an extension of time to complete his production after the parties' March 22 meet and confer. Mot. at 6:24-7:3. This ignores the local rules and context of the parties' meet and confer efforts. Magistrate Judge Beeler's then-Standing Order required the parties to file their joint letter

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

brief five days after their meet and confer. Dkt. No. 97-1 at 3. Even if it did not, Mr. Mahon was equivocal in his responses: between March 25 and 27, he stated he would "further reconsider[]" disputed issues, had "made queries," and was still "reconsidering." Eberhart Decl. Ex. I at 5-16 (emails from M. Mahon to D. Eberhart on March 25 at 3:33 PM, March 25 at 5:04 PM, March 26 at 3:51 AM, and March 27 at 6:39 PM.). On March 26, Defendants confirmed that if Mr. Mahon would commit to completing and producing the fruits of certain searches, they would remove those issues from the letter brief even if the production was not complete, *id*. at 11-13 (email from D. Eberhart to M. Mahon, March 26, 7:39 AM.). On March 27, Mr. Mahon committed to produce the Supplemental Documents. *See* Dkt. 99 at 2; Eberhart Decl. Ex. I at 5-6, 12-13.[4] Based on Mr. Mahon's commitments, Defendants did not move to compel the Supplemental Documents and narrowed Dkt. 99, although Mr. Mahon had not produced and purportedly was still in the process of searching for the documents. Instead of producing the Supplemental Documents, however, Mr. Mahon on March 31 rescinded his commitments to produce them. Eberhart Decl. ¶ 19, Ex. J at 7-10.

### C.    Apple Timely Raised Its Discovery Disputes

Apple timely raised its disputes with Mr. Mahon in compliance with the governing local rules and procedures. Accordingly, no sanctions are warranted on this basis. Mot. at 7-8.

The Motion to Compel was timely, because Civil Local Rule 37-3 sets May 5, 2023 as the deadline to file discovery motions. (L.R. 37-3; Dkt. No. 95.) Dkt. 99 was filed well before that deadline. Courts in this District routinely find motions to compel are timely when they satisfy L.R. 37-3. *See Zeleny v. Newsom*, 2020 WL 6585793, at *2 (N.D. Cal. Nov. 10, 2020) (rejecting untimeliness argument as to motion to compel further responses to deposition session occurring over one year prior when filed on Rule 37-3 deadline); *In re Google Adwords Litig.*, 2010 U.S. Dist. LEXIS 146392, at *6 (N.D. Cal. Nov. 12, 2010); *Crump Ins. Servs. v. McGrath*, 2008 WL 11388598, at *2 (N.D. Cal. Aug. 10, 2008). Even courts in other jurisdictions without deadlines set by local rule have found that motions to compel may be granted even when the moving party

---

[4] Ex. I at 12-13 (Email from M. Mahon to D. Eberhart, March 26, 3:51 AM); Ex. I at 5-6 (Email from M. Mahon to D. Eberhart, March 27, 6:39 PM).

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

1   waited far longer to file. *See Kendrick v. Heckler*, 778 F.2d 253, 258 (5th Cir. 1985) (error to set

2   aside magistrate's order compelling document production under Rule 45(d)(1) despite eight-

3   month delay in filing motion, where opposing party failed to demonstrate prejudice or

4   unnecessary burden resulting from delay); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 70 (M.D.N.C.

5   1986) (granting Rule 37 motion to compel production of documents despite six-month delay in

6   filing).

7          In any case, Defendants diligently pursued these disputes. Because Plaintiff's original

8   Rule 34 responses stated that he would produce documents "upon entry of an appropriate

9   protective order," it was not initially clear what documents might be in dispute. Eberhart Decl.

10  ¶ 3, Ex. A. The protective order was entered on October 7, 2022 (Dkt. No. 96), and Plaintiff

11  amended his responses to remove that objection on December 19, 2022 and produced documents

12  on December 28, 2022. Eberhart Decl. ¶¶ 4-5, Exs. B, C. Just over two months later, on March 8,

13  Defendants wrote to Plaintiff to initiate the meet and confer process. Eberhart Decl. ¶ 6, Ex. D.

14  Mr. Mahon did not provide a privilege log until March 20, 2023. Eberhart Decl. ¶ 7, Ex. E. The

15  parties met and conferred on March 22 and filed a joint letter brief in accordance with Magistrate

16  Judge Beeler's standing order on March 27. *See* Eberhart Decl. ¶¶ 8-18; Dkt. 99. Plaintiff

17  identifies no specific prejudice or burden imposed by any alleged delay. *See* Mot. at 5-7.

18         Plaintiff cites no authority that Defendants' motion is even untimely in these

19  circumstances, let alone that sanctions are warranted. Plaintiff cites *KST Data, Inc. v. DXC

20  Technology Co.*, but that case did not involve any request for sanctions. 344 F. Supp. 3d 1132,

21  1134 (C.D. Cal. 2018). There, a motion to compel was denied on the merits because it involved a

22  non-party from whom deposition testimony could not be compelled over a Fifth Amendment

23  privilege objection. The court stated that untimeliness was sufficient ground to deny a motion to

24  compel, *id.* at 1136 n.1, but in that jurisdiction, unlike here, no local rule set a deadline to file

25  motions to compel. Further, the motion was denied without prejudice to other approaches to

26  obtain the admission at trial of disputed documents. Plaintiff also cites a treatise stating that

27  untimeliness can provide grounds to deny a discovery motion, Mot. at 6, but that citation does not

28  address either the availability of sanctions for an allegedly untimely motion to compel nor

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

1    untimeliness in the face of a controlling local rule. 8B Wright & Miller, Fed. Prac. & Proc. Civ.

2    § 2285 (3d ed.). That treatise also goes on to confirm that "courts are not rigid in regard to timing

3    issues, and they also reject timeliness objections to Rule 37(a) motions." *Id.* Finally, the

4    California Code of Civil Procedure provision that Plaintiff cites has no application in federal

5    court. Mot. at 6.

### D.      Apple's Motion to Compel Accurately Represents Facts

7          Mr. Mahon asserts that Dkt. 99 contains three factual misrepresentations, but each

8    statement challenged by Mr. Mahon accurately reflects the record. Accordingly, Apple's filings

9    are factually well founded in compliance with Rules 11 and 26. Fed. R. Civ. P. 11(b), 26(g).

#### 1.      Mr. Mahon Has Never Committed to Produce All Responsive Documents of Maron Pictures

11         Contrary to Mr. Mahon's contentions, Apple accurately stated that Mr. Mahon has not

12   committed to produce documents possessed by his wholly owned company Maron Pictures. *See*

13   Dkt. 99 at 2-3. Mr. Mahon's positions in email correspondence and Dkt. 99 make clear he is

14   resisting such discovery. *See id.* at 3-4; Eberhart Decl. Ex. J at 6-10. Mr. Mahon apparently

15   nevertheless considers Apple's statement to be inaccurate because "he is not representing Maron

16   Pictures." Mot. at 7:28-8:1. The disagreement he identifies is legal, not factual. In any event, Mr.

17   Mahon's legal arguments also fail. *See supra*.

#### 2.      Mr. Mahon Did Not Agree to Produce the PFDA or SPA in the Meet and Confer

19         Apple also correctly stated that Mr. Mahon "declined in the meet and confer to produce"

20   the PFDA and SPA. Dkt. 99 at 2; *cf.* Mot. at 8:2-5. Mr. Mahon argues that statement was "false

21   and incorrect," because those agreements were allegedly "voided by Maron Pictures on October

22   5, 2015." Mot. at 7-8. Mr. Mahon's view of the legal effect of the PFDA and SPA has no bearing

23   on the factual question of whether or not he committed to produce those agreements. Next, he

24   argues that Apple's representation was false because he "gave an undertaking" to inquire with his

25   accountants about those documents. *Id*. However, a commitment to inquire about documents is

26   not a commitment to produce documents. Mr. Mahon's own correspondence regarding the

27   outcome of the meet and confer confirms that by March 25, 2022 (three days after the meet and

28   confer), he had agreed only to "reconsider" producing any documents located by his personal

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

accountants. *See* Eberhart Decl. Ex. G at 2 ("[O]nce my accountants and lawyers revert to me in relation to my further queries, I will reconsider producing these documents."); Eberhart Decl. Ex. F at 2 ("I also made clear that I was not representing Maron Pictures in any capacity, but I will reconsider handing over documents I do discover . . . .").

In light of Mr. Mahon's subsequent correspondence on March 26, 2022, Apple expressly noted in Dkt. 99 that, following the meet and confer, Mr. Mahon had "subsequently committed to search for" the PFDA and SPA, "including in the files of his personal accountants and lawyers." Dkt. 99 at 2; *see also* Eberhart Decl. ¶¶ 14-15, Ex. I at 12-13 (Email from M. Mahon to D. Eberhart, March 26, 3:51 AM.). Apple then explained why Mr. Mahon's undertaking was insufficient (namely, because it excluded Maron Pictures' accountants, lawyers, and email account), and moved to compel on that basis. Dkt. 99 thus accurately reflects the record.

### 3.   Mr. Mahon Committed to Produce Responsive Communications with the Copyright Office

Finally, Apple accurately stated that "[f]or communications with the Copyright Office, Mr. Maron has stated that he will produce responsive documents from 'lawyers for Maron Pictures.'" Dkt. 99 at 2 n.2; Mot. at 8:11-15. Mr. Mahon does not deny making that statement and did not dispute Apple's characterization of it in his portion of Dkt. 99. Instead, he now claims that his commitment was conditional on Apple not filing Dkt. 99. This is false.

The written record confirms the accuracy of Apple's representation. Following the parties' meet and confer, Mr. Mahon stated that he had searched "for communications in my own file in relation to the Copyright office," and "will continue to search for and produce other communications if they exist." Eberhart Decl. Ex. G at 2. After receiving a draft of Mr. Mahon's portion of the Motion to Compel on March 27, Apple wrote to Mr. Mahon to clarify the scope of what he committed to produce with respect to each issue raised in Dkt. 99, including communications with the Copyright Office. Eberhart Decl. Ex. I at 6-7 (email from G. Apgar to M. Mahon, March 27, 2:28 PM). Mr. Mahon responded unequivocally: "I am also committed to search and produce all responsive documents in my possession, custody and control for the Copyright office, including my accountants and lawyers for Maron Pictures." *Id*. ¶17, Ex. I at 5-6

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

1   (email from M. Mahon to G. Apgar, March 27, at 6:39 PM.). Mr. Mahon identified a separate

2   category of documents he would produce if Google and Apple "paused" their anticipated motion:

3   those "that my accountants and lawyers give me, in relation to my queries on March 23," i.e., the

4   agreements and other documents of Maron Pictures that Mr. Mahon had previously stated he

5   would "reconsider" producing. *Id.* Ex. I at 5-6.

6           Mr. Mahon now claims that his commitment to produce communications ***with the***

7   ***Copyright Office*** was always conditional. He bases that on a single sentence in a subsequent

8   March 27 email, in which he said that he "was prepared to do that if we were agreeing to pause

9   the dispute to allow me the opportunity to address the issues." Eberhart Decl. Ex. J at 9-10 (email

10  from M. Mahon to G. Apgar, March 27, 4:32 PM). Apple reasonably interpreted that statement to

11  refer to the Maron Pictures documents in the possession of Mr. Mahon's accountants and lawyers,

12  which, unlike the Copyright Office communications, Mr. Mahon had never agreed to produce.

13  Apple also represented in the parties' joint letter brief that Mr. Mahon's Copyright Office

14  commitment was unqualified, and Mr. Mahon did not object to this representation. *See* Dkt. 99 at

15  2 n.2. Before filing Dkt. 99, Apple provided Mr. Mahon with a revised draft of that motion

16  showing in redline the changes Google and Apple made in light of Mr. Mahon's original March

17  27 email, including the challenged sentence. Eberhart Decl. ¶ 18, Ex. H (redlined version of draft

18  letter brief), Ex. I at 1-4 (email from G. Apgar to M. Mahon, March 27, 10:34 PM). Mr. Mahon

19  then provided his own additional changes, and, significantly, did not claim that Apple misstated

20  his position about Copyright Office communications. *Id.* Ex. I at 1 (email from M. Mahon to G.

21  Apgar, March 27, 11:48 PM). Indeed, he did not even address the sentence about which he now

22  complains. *Id.* Instead, he authorized Google and Apple to file Dkt. 99. *Id.* at 1 (email from M.

23  Mahon to G. Apgar, March 28, 12:32 AM.).

24          In sum, Mr. Mahon's shifting positions on what, precisely, he was committed to produce

25  and the conditionality of that commitment—up to and after Dkt. 99 was filed—do not render

26  inaccurate Apple's representations about Mr. Mahon's prior written statements. They certainly do

27  not support sanctions against Apple. *See Zaldivar*, 780 F.2d at 831.

28

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

### E.   Plaintiff's Remaining Legal Authorities Do Not Support Sanctions

Plaintiff's contentions that sanctions are warranted are entirely lacking in legal support. As discussed above, he cites no case granting sanctions for an allegedly "untimely" motion to compel, let alone one that (like here) was filed before the court-ordered deadline. *See supra* Section IV.C. He cites *National Association of Radiation Survivors v. Turnage* for his contention that Apple's conduct is sanctionable, but there, unlike here, the party sought to be sanctioned failed to produce clearly responsive documents in response to multiple requests and destroyed potentially discoverable documents. 115 F.R.D. at 554. There is simply no conduct by Apple that is any way similar to that of the sanctioned party.

Mr. Mahon's argument section 4 contains a bare recitation of the legal standards for Rule 11 and Rule 26 sanctions and sanctions under this Court's inherent power to control its docket, but it provides no ground for such sanctions in this case. Mot. at 8:27-9:24. None of his cases awards sanctions based on a party filing a motion to compel responsive documents, as Mr. Mahon asks the Court to do here. Rather, Mr. Mahon's cases confirm that sanctions are warranted only when motions or pleadings "cannot reasonably be supported in law or in fact." *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986) (reversing the imposition of sanctions).

Plaintiff finally requests relief in the form of Rule 37 sanctions, but his brief provides no argument or other basis for such sanctions. Mot. at 11:1-2.

### V.   CONCLUSION

Plaintiff's motion for sanctions identifies no conduct by Apple that is remotely sanctionable. It should be denied in its entirety.

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR

Dated:  April 17, 2023

DAVID R. EBERHART
O'MELVENY & MYERS LLP


By:      */s/ David R. Eberhart*
                David R. Eberhart
                Attorney for Defendant
                Apple Inc.

DEF. APPLE'S OPPOSITION TO
MOTION FOR SANCTIONS
NO. 4:20-CV-01534-YGR